Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO **Recurrido** v. DIEGO QUIÑONES RODRIGUEZ **Peticionario** | TA2025CE00689 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior Arecibo Civil Núm. C VI2006G0010 Sobre: Art. 106 Asesinato |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

**Hernández Sánchez, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 7 de noviembre de 2025.

El 24 de octubre de 2025, el Sr. Diego Quiñones Rodríguez (señor Quiñones o el peticionario), miembro de la población correccional, compareció ante nos, por derecho propio, *in forma pauperis,* mediante una *Peticion de Certiorari* y solicitó la revisión de una *Orden* que se emitió el 19 de septiembre de 2025 y se notificó el 23 de septiembre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Arecibo (TPI). Mediante el aludido dictamen, el TPI resolvió lo siguiente: "En septiembre de 2010 hizo el mismo planteamiento de representación insuficiente y Regla 192.1. El planteamiento fue atendido el 29 de septiembre de 2010. Nada que proveer."

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de epígrafe.

I.

El 16 de septiembre de 2010, el señor Quiñones presentó, por derecho propio, una *Moción Bajo la Regla 192.1 de las de Procedimiento Criminal* [...] la cual fue declarada No Ha Lugar mediante una *Orden* que el TPI dictó el 29 de septiembre de 2010 y notificó el 30 de septiembre de 2010. Varios años después, el 10 de septiembre de 2025, el peticionario nuevamente, por derecho propio, presentó una *Moción Bajo la Regla 192.1* [...]. Atendida dicha solicitud, el 19 de septiembre de 2025, el TPI dictó una *Orden* que se notificó el 23 de septiembre de 2025 en la cual resolvió lo siguiente: "En septiembre de 2010 hizo el mismo planteamiento de representación ineficiente y Regla 192.1. El planteamiento fue atendido el 29 de septiembre de 2010. Nada que proveer".

Inconforme con este dictamen, el 24 de octubre de 2025, el peticionario presentó el recurso de epígrafe y formuló los siguientes señalamientos de error:

> **Erró el Honrable Tribunal de Primera Instancia de Arecibo al declarar No Ha Lugar el presente recurso alegando que ya había planteado dicho recurso.**
>
> **Erró el Honorable Tribunal de Primera Instancia de Arecibo al no ordenar re-sentenciarnos y así tener el derecho de poder presentar una apelación conforme a derecho.**
>
> **Erró el Honorable Tribunal de Primera Instancia de Arecibo al violentar nuestro derecho a poder tener la oportunidad de apelar nuestra causa que probablemente sea la última oportunidad de probar mi inocencia.**

Atendido el recurso, el 30 de octubre de 2025, emitimos una *Resolución* ordenándole a la Secretaría de este Tribunal solicitar, en concepto de préstamo, los autos originales al TPI de Arecibo. En cumplimiento con dicha orden, los autos fueron remitidos a este Tribunal. En consecuencia, hemos tenido la oportunidad de

examinar detenidamente el tracto procesal del caso, lo que nos permite llegar a una determinación informada.

## II.

### -A-

El *certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró*, 165 DPR 324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 40 del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR ____ (2025), enmarca los criterios que debe evaluar este tribunal al expedir un auto de *certiorari*. La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ninguno de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, s*upra*, es determinante por sí solo para el ejercicio de jurisdicción, y tampoco constituyen una lista exhaustiva. *García v. Padró*, supra. La norma vigente es que un tribunal apelativo solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

**-B-**

La Regla 192.1 de Procedimiento Criminal, 34 LPRA Ap. II, R. 192.1, provee para que una persona detenida impugne una sentencia condenatoria en su contra al amparo de alguno de los fundamentos siguientes: (1) la sentencia fue impuesta en violación a la Constitución o a las leyes del Estado Libre Asociado de Puerto Rico o a la Constitución y las leyes de Estados Unidos; (2) el Tribunal no tenía jurisdicción para imponer esa sentencia; (3) la sentencia impuesta excede la pena prescrita por la ley, o (4) la sentencia está sujeta a ataque colateral por cualquier motivo. *Pueblo v. Rivera Montalvo*, 205 DPR 352, 371 (2020).

Una moción al amparo de la Regla 192.1 de Procedimiento Criminal, *supra*, puede presentarse en cualquier momento en la sala

del tribunal que impuso la sentencia. Íd. Sin embargo, cabe destacar que, **el tribunal sentenciador no vendrá obligado a considerar otra moción presentada por el mismo confinado para solicitar el mismo remedio.** (Énfasis suplido) Regla 192.1(b) de Procedimiento Criminal, *supra.* Asimismo, el Tribunal Supremo ha resuelto que si la moción presentada al amparo de la Regla 192.1, *supra,* "**no demuestra de su faz que el peticionario tiene derecho a algún remedio, el Tribunal deberá rechazarla de plano**" y "**[s]i es inmeritoria de su faz, lo procedente es que se declare Sin Lugar, sin ulterior trámite**." (Énfasis suplido) *Pueblo v. Román Mártir,* 169 DPR 809, 826 (2007).

III.

Nos corresponde justipreciar si debemos ejercer nuestra facultad discrecional al amparo de los criterios enmarcados en la Regla 40 del Tribunal de Apelaciones, *supra.* Luego de examinar el expediente ante nuestra consideración a la luz de los criterios de la Regla 40 del Tribunal de Apelaciones, *supra,* no identificamos razón por la cual este Foro deba intervenir en el dictamen recurrido. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el TPI haya sido arbitrario, cometido un craso abuso de discreción o cuando, de la actuación del foro, surja un error en la interpretación o la aplicación de cualquier norma procesal o de derecho sustantivo. Reiteramos que en el recurso que aquí atendemos no se nos ha demostrado que haya alguno de estos escenarios.

IV.

Por los fundamentos antes expuestos, ***denegamos*** el recurso de epígrafe.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones